## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA WHITEFIELD,<br>        Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC d/b/a<br>MR. COOPER,<br>        Defendant. | CIVIL ACTION<br><br>NO.<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### I. INTRODUCTION

I.  Plaintiff brings this action against Defendant NATIONSTAR Inc. ("NATIONSTAR") to obtain relief for NATIONSTAR's breach of standard and uniform mortgage contract violation of the discharge injunction in her Chapter 13 bankruptcy. and its unjust enrichment by imposing and collecting sums it is not entitled to collect and thereby enriching itself to the wrongful detriment of the Plaintiff and the putative class members.

### II. JURISDICTION AND VENUE

2.  This Court has jurisdiction pursuant to 28 U.S.C.A. § 1331 since certain of the claims asserted herein arise under the laws of the United States.  Further, the Court may elect to retain supplemental jurisdiction over the state law claims pursuant to 28 U.S.C.A. § 1367 since those claims are so related to the federal claims asserted herein that they form part of the same case and controversy.

3. Venue is appropriate in this Court pursuant to 28 U.S.C.A. § 1391 because a substantial portion of the events or omissions giving rise to the claims before the Court occurred in this District.

**III.  PARTIES**

4. Andrea Whitefield is a natural person, who resides at 5138 Kershaw St., Philadelphia, PA 19131 ("the Property").

5. Defendant NATIONSTAR MORTGAGE, LLC is the servicer of plaintiff's loan.

**IV.  FACTS**

6. Plaintiff purchased the Property on 5138 North Kershaw, Philadelphia, PA (19131)("Property") for investment purposes and has occupied it as her residence since April 2016 under the terms of the recorded Mortgage attached hereto s Exhibit A.

7. On or about April 3, 2008 Plaintiff borrowed the sum of $60,000 from Bank of America, NA in the form of a mortgage Note ("Loan") that was secured by a Deed of Trust secured on the Property. Pursuant to the terms of the note, Plaintiff would be in default on the Loan if she "d[id] not pay the full amount of each monthly payment on the date it was due." However, Plaintiff was permitted a grace period of 15 days from the Loan's monthly due date before any late fee was imposed upon her.

8. On or about July 2015, plaintiff filed a chapter 13 bankruptcy petition in the United States Eastern District, Docket No. 15-15164, for among other financial reasons, to pay arrears then due on her mortgage loan.

9. On February 24, 2016 the United States Bankruptcy Court for the Eastern District of Pennsylvania confirmed Plaintiff's reorganization plan.

- 3 -

10. At all times since acquiring the servicing rights to Plaintiff's loan NATIONSTAR was collecting and attempting to collect on behalf of another—i.e. Fannie Mae.

11. On or about January 16, 2016, NATIONSTAR filed a proof of claim in plaintiff's bankruptcy and represented to the Bankruptcy Court that plaintiff owed the sum of $2,141.64 for arrears on the account due for April through July 2015 ("the debt") which plaintiff committed to pay through her chapter 13 plan.

12. On December 7, 2020, Plaintiff received a discharge of her bankruptcy obligations.

13. Thereafter, NATIONSTAR sent to Plaintiff monthly mortgage statements showing her two (2) months in arrears (See Exhibit B).

14. Defendant has made all of her post-petition payments sometimes paying in excess of what was due monthly to pay down the loan's principal.

15. Plaintiff has suffered severe emotional distress and anxiety as a result of NATIONSTAR's inaccurate accounting of her loan, wrongful collection demands, and refusal to correct its accounting errors placing plaintiff in imminent fear of foreclosure after years of making payments towards her successful bankruptcy plan and now inducing in her worry, anxiety, frustration, and nervousness that NATIONSTAR will wrongly undo her earnest efforts to become and stay current on the loan.

V. **CAUSES OF ACTION**

**COUNT I - VIOLATION OF 11 U.S.C. 524(i)**

16. All paragraphs above are re-alleged as though fully set forth herein.

17. Section 11 U.S.C. 524(i) provides, The willful failure of a creditor to credit payments received under a plan confirmed under this title, unless the order confirming the plan is revoked, the plan is in default, or the creditor has not received payments required to be made

under the plan in the manner required by the plan (including crediting the amounts required under the plan), shall constitute a violation of an injunction under subsection (a)(2) if the act of the creditor to collect and failure to credit payments in the manner required by the plan caused material injury to the debtor.

18. Defendant Nationstar has readily admitted that it failed to credit payments made by the Plaintiff under a plan confirmed by the bankruptcy court in his Chapter 13. The plan was neither revoked or in default, and Nationstar receive all payments due to it thereunder. Thus, Nationstar violated 11 U.S.C §524(i).

19. As a result of Nationstar's violation of §524(i), Plaintiff has suffered mental and emotional distress, worry, humiliation, embarrassment and damage to reputation as a result of said defendant's actions.

## **COUNT II – BREACH OF CONTRACT**

20. Plaintiff incorporates all prior paragraphs herein.

21. Nationstar is subject to the terms of the loan contract as well as the terms of the court's order confirming Plaintiff's Chapter 13 Plan.

22. While Plaintiff timely made all payments as required under the promissory note, the deed of trust, and the court order confirming the Plan, Wells Fargo breached the agreements by failing to properly credit the payments made by Plaintiff under the Plan as required by the loan documents and court order.

23. Specifically, paragraph 3 of the Deed of Trust requires Nationstar to apply each payment made by the Plaintiff in a specific order, first to prepayment charges, to last, to pay late charges due under the Secured Notes (Exhibit A).

24. The court's Order of Confirmation issued within the Chapter 13 Plan is effectively a new contract between the debtor and his creditor. The terms of the Order is an agreed-upon contract between the parties and a judicial order. While Plaintiff had the obligation to make all payments as required under the bankruptcy court's order, Well Fargo had the concomitant obligation to apply these payments in an accurate and timely manner to lessen the amount Plaintiff owes on the Loan, which it failed to do.

85. Wells Fargo's breach of the loan agreement and the bankruptcy court order caused Plaintiff

## JURY DEMAND

Plaintiff demands trial by jury.

## PRAYER FOR DAMAGES

Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. For an award of monetary damages to punish Nationstar's conduct violated 11 U.S.C. 524(i) by Nationstar breaching the loan documents and the bankruptcy court's order confirming the Chapter 13 Plan;

B. For declaratory relief that plaintiff's loan is current;

C. Grant such other and further relief as the court deems just and proper.

Dated: March 15, 2021         /s/Robert P. Cocco
                              Robert P. Cocco, P.C.
                              Attorney for Plaintiff
                              Pa. Id. No. 61907
                              1500 Walnut Street, Suite 900
                              Philadelphia, PA 19102
                              (215) 351-0200
                              bob.cocco@phillyconsumerlaw.com
                              Attorney for Plaintiff